IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE CLARENCE WEST, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-052 |
| | ) | |
| GLEN JOHNSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 11.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

### I.  BACKGROUND

At a trial held in February 1974, a jury in the Superior Court of Burke County found Petitioner guilty of felony murder and armed robbery, and he was sentenced to consecutive life sentences. West v. State, 209 S.E.2d 195, 196 (Ga. 1974). The Georgia Supreme Court affirmed the convictions on October 1, 1974. Id. at 198.

On May 6, 1997, the Georgia State Board of Pardons and Paroles ("the Board") granted Petitioner parole on these two Burke County convictions, as well as on three

Richmond County and one Screven County armed robbery convictions. (Doc. no. 12-2, Resp't Ex., pp. 30, 32.) On November 4, 2009, the Board held a parole revocation hearing to address three alleged parole violations: (1) failing to carry out instructions from a parole officer on two specific dates "regarding illegal drug use"; (2) failing to carry out instructions from a parole officer "regarding maintaining gainful employment"; and (3) "committing the offense of sexual battery." (Id. at 33-34.) On November 5, 2009, the Board revoked Petitioner's parole for illegal drug use and committing sexual battery. (Id. at 32.)

On November 4, 2010, Petitioner filed for habeas corpus relief in the Superior Court of Macon County. (Doc. no. 12-1, p. 1.) Petitioner challenged his parole revocation on several fronts, including that he should have been discharged from parole in 2004, prior to any of the violations that resulted in his revocation, and that there were multiple procedural irregularities with the parole revocation proceedings. (Doc. nos. 12-1, 12-2.) The state habeas court held a hearing and then denied relief in an order dated November 21, 2013, and filed on November 26, 2013. (Doc. no. 1-2, pp. 1, 11.) Petitioner requested, but the Georgia Supreme Court denied on March 30, 2015, a certificate of probable cause to appeal. (Doc. nos. 1-3, 1-4.) The Georgia Supreme Court issued the remittitur for its denial of the application on April 15, 2015. (Doc. no. 14.)

Petitioner signed the federal habeas corpus petition currently under review on March 21, 2016, and he attests he gave it to prison officials for mailing on March 22, 2016. (Doc. no. 1-1, p. 15.) Although originally filed in the Middle District of Georgia on March 25, 2016, United States District Judge Marc T. Treadwell transferred the case to this District. (Doc. nos. 3-5.) In this petition filed pursuant to 28 U.S.C. § 2254, Petitioner raises four claims related to his November 5, 2009 parole revocation. Grounds one and two argue his

life sentences were "automatically commuted" at some point between his initial parole order in May 1997 and revocation in November 2009. (Doc. no. 1-1, pp. 5, 7.) Ground three challenges the procedural mechanisms employed to revoke Petitioner's parole on November 5, 2009. (Id. at 8.) In Ground four, Petitioner asserts he was held in prison past his sentence completion date in 1994.

Respondent argues the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 11.) Petitioner opposes the motion, but spends the majority of his opposition attempting to argue the merits of his claims and challenge the manner in which his state habeas proceedings were conducted, rather than disputing the untimeliness of his petition. (See doc. no. 15.)

## II. DISCUSSION

### A. Available Georgia Forums for Petitioner's Claims

Parole revocation is not part of a criminal prosecution. Morrissey v. Brewer, 408 U.S. 471, 480 (1972). There is no direct appeal procedure to challenge the Board's decisions on parole. Ray v. Mitchem, 272 F. App'x 807, 809-10 (11th Cir. 2008) (citing Brown v. Barrow, 512 F.3d 1304, 1307-08 (11th Cir. 2008); O.C.G.A. §§ 5-6-34, 5-6-35; see also O.C.G.A. § 50-13-2(1) (excepting the "state Board of Pardons and Paroles" from Georgia's Administrative Procedures Act). Rather, in Georgia a challenge to a decision by the Board to revoke parole may be brought by habeas corpus petition, where the petitioner may challenge whether he was accorded the limited due process protections required in the parole revocation process. See Williams v. Lawrence, 540 S.E.2d 599, 601 (Ga. 2001). Claims that a petitioner is held beyond the term of his sentence may also be raised in a state habeas corpus petition. See Lillard v. Head, 476 S.E.2d 736, 737 (1996).

3

### B. The Petition Should Be Dismissed as Time-Barred.

Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

(1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). In Georgia, "when a state habeas petition seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." Dolphy v. Warden, Central State Prison, 823 F.3d 1342, 1345 (11th Cir. 2016).

4

As it pertains to challenges to parole revocations, the one-year statute of limitations is triggered by 28 U.S.C. § 2244(d)(1)(D), the date the factual predicate for the presented claims could have been discovered through due diligence. Brown, 512 F.3d at 1307; Day v. Hall, 528 F.3d 1315, 1317 (11th Cir. 2008); Ray, 272 F. App'x 809-10. Thus, the one-year limitations period begins to run on the day the Board revokes parole. Hawes v. Howerton, 335 F. App'x 882, 884 (11th Cir. 2009) (citing Brown, 512 F.3d at 1307-08). Subsequent requests for reconsideration do not otherwise change the finality of the Board's decision or toll the statute of limitations. Id.

### 1. Grounds One and Two Are Untimely.[1]

Ignoring the four other armed robberies for which Petitioner was paroled, Grounds one and two argue the life sentences for the two Burke County convictions were "automatically commuted" at some point between the initial parole order in May 1997 and revocation in November 2009. (Doc. no. 1-1, pp. 5, 7.) According to Petitioner's math, his sentence would have been commuted either in May 2000, three years after his parole, or May 2002, five years after his parole. Petitioner did not file any challenge in the state courts raising these claims until November 4, 2010, years past the date the factual basis for his claim would have been known to him. See 28 U.S.C. § 2244(d)(1)(D). Indeed, at his state habeas proceeding, Petitioner asserted that even though the commutation should have been automatic, he submitted a request to the Board to have his sentence commuted after he had been on parole for five years, which would have been in 2002. (Doc. no. 12-2, p. 21.)

---

[1]The Eleventh Circuit has approved of separately reviewing the timeliness of claims within a habeas petition. Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (*en banc*).

In any event, there is no record of Petitioner submitting a state habeas corpus petition, or any other collateral proceeding until 2010, well past expiration of the one-year statute of limitations for these "automatic commutation" claims, regardless of whether the Court uses 2000 or 2002 as the date when Petitioner knew the factual predicate for his claims. That is, the one-year limitations period for filing a federal petition had already expired by the time Petitioner filed his state habeas petition, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, Grounds one and two should be dismissed as untimely.

### 2. Ground Three Is Untimely.

In Ground three, Petitioner challenges the procedural mechanisms employed to revoke his parole on November 5, 2009. Thus, as 28 U.S.C. § 2244(d)(1)(D) governs this claim challenging Petitioner's parole revocation, Petitioner had one year from the date of revocation, November 5, 2009, to file a federal habeas corpus petition. See Brown, 512 F.3d at 1307-08; Hawes, 335 F. App'x at 884. Petitioner argues he is not bound by this one-year statute of limitations because he filed his petition under 28 U.S.C. §§ 2241 and 2254, not § 2244(d)(1). (Doc. no. 15, p. 3.) Section 2244(d)(1) governs the time limit for petitions filed by state prisoners under §§ 2241 and 2254, so the petition is subject to the one-year statute of limitation found in § 2244. See Medberry v. Crosby, 351 F.3d 1049, 1058-61 (11th Cir. 2003) (explaining petitions filed pursuant to §§ 2241 and 2254 are subject to AEDPA's restrictions contained in §§ 2241-2254). Likewise, any letters he may have written to the Board about its decision does not affect the finality of the Board's decision or

6

otherwise toll the statute of limitations. Hawes, 335 F. App'x at 884.

Petitioner let all but one day of his federal statute of limitations lapse before raising this ground in his state habeas petition filed November 4, 2010.[2] Because a properly filed state habeas petition tolls the statute of limitations, Cramer, 461 F.3d at 1383, the federal limitations period was tolled until April 15, 2015, when the Georgia Supreme Court issued its remittitur for the denial of Petitioner's application for a certificate of probable cause to appeal. See Dolphy, 823 F.3d at 1345. Despite all but one day of the federal statute of limitations having elapsed prior to filing his state habeas proceedings, Petitioner then waited nearly one year, until March 21, 2016, to file the instant federal petition. Thus, Petitioner's current challenge to his 2009 parole revocation proceedings is time-barred and should be dismissed.

### 3. Ground Four Is Untimely.

In Ground four, Petitioner asserts he was held in prison past his sentence completion date in 1994. With little detail, Respondent argues this claim is untimely, as it has never previously been raised in state or federal court. (Doc. no. 11, pp. 8-9.) However, upon reading the transcript of the state habeas proceedings and the final order of the state court, Petitioner arguably raised the claim. In the course of explaining why he believed his sentence should have been "automatically commuted" after successful completion of a certain period of parole (Grounds one and two discussed above), Petitioner told the state habeas judge that his "sentence should have been over in '94." (Doc. no. 12-2, p. 21.)

---

[2]Petitioner dated his state habeas petition November 2, 2010 (doc. no. 12-1, p. 6), but in Georgia, the mailbox rule does not apply to the original filing of *pro se* state habeas petitions. See Roberts v. Cooper, 691 S.E.2d 875, 877-78 (Ga. 2010). Thus, state habeas petitions are filed on the date the clerk receives it, not the date a petitioner signs it.

7

Although the final state habeas order did not find any merit to the claim, it described one of Petitioner's oral claims as follows, "Petitioner also alleged that he was subjected to an ex post facto violation because his life sentence 'should have been over' in 1994." (Doc. no. 1-2, p. 10.) However, the Court need not parse whether his statements at the state habeas hearing sufficiently put the State on notice of his current federal claim that he "was held in prison past his sentence completion date of January 1994," (doc. no. 1, p. 10), because even if it had been sufficiently raised, the claim is time-barred.

For persons convicted prior to the enactment of AEDPA, the one-year statute of limitations began to run on the date of enactment of AEDPA, April 24, 1996. See Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, Petitioner would have had until April 23, 1997 to file a challenge to his original 1974 convictions, or to challenge being held past the completion of his sentence - a claim that would have ripened in 1994, prior to the enactment of AEDPA. By the time Petitioner filed his state habeas petition on November 4, 2010, his one-year statute of limitation for filing a federal petition had expired, meaning that no time period remained to be tolled. See Sibley, 377 F.3d at 1204. Moreover, as discussed above with respect to Ground three, even if the time to file a state habeas petition had not expired by the time Petitioner filed his state habeas petition, he waited nearly one year after the conclusion of his state habeas proceedings to file his federal petition.

Thus, Ground four is time-barred and should be dismissed.

**C.    The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless,

an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000) The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

9

doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his federal claims or that a miscarriage of justice will occur if his claims are not considered. Petitioner's claims do not contest his guilt of the underlying convictions. To the extent his opposition to the motion to dismiss challenges his guilt of the parole violations, he has presented no *evidence* to support, let alone satisfy, the high burden that no reasonable fact finder could have found him guilty of the two parole violations for which he was revoked. See Ray, 272 F. App'x at 810-11. Likewise, his complaints regarding the manner in which the state habeas judge conducted the habeas hearing and accepted a proposed order does not save the federal petition because "defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009).

Moreover, Petitioner knew about the federal statute of limitations well before he even filed his state habeas petition. Petitioner initiated a civil rights lawsuit in this Court even before his parole was officially revoked. West v. Lewis, CV 109-138, doc. no. 1 (S.D. Ga. Nov. 2, 2009) (hereinafter "CV 109-138"). In a Report and Recommendation dated April 29, 2010, the Court explained Petitioner had no valid civil rights claim concerning his parole, parole supervision, and/or parole revocation, but if he wanted to challenge such matters, he must file a habeas corpus petition. CV 109-138, doc. no. 12, pp. 5-7. The Court also

explained any such challenge would be subject to § 2254 and AEDPA's one-year statute of limitations. CV 109-138, pp. 6-7 & n.5. United States District Judge J. Randal Hall adopted that recommendation as the opinion of the Court and dismissed the case on May 27, 2010. CV 109-138, doc. no. 14.

Because Petitioner has not shown any extraordinary circumstances prevented the timely filing of his federal habeas corpus claims or that a miscarriage of justice will occur if the untimely claims are dismissed, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no.11), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 3rd day of October, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA